certificate. upon motion of the defendant, the complaint is dismissed, without prejudice to another action." This dismissal was based upon the authority of Parmele Co. v. Haas, 67 App. Div. 457, 73 N. Y. Supp. 986. That decision might be applicable to the case at bar, did the testimony show that the plaintiff was "doing business" within the state, so as to come within the inhibition of the statute. This does not appear to be the fact. The defendant herein gave an order for goods to one Dresser, an agent of the plaintiff. The order was filed with a firm of commission merchants and manufacturers' agents in this city, and transmitted by them to the plaintiff, who was requested to acknowledge the receipt thereof to the defendant, and to ship the goods to him by freight from its factory and place of business in Chicago, Ill. The defendant received the goods from the factory, and communicated with the plaintiff by letter addressed to its factory aforesaid. This does not constitute "doing business" within this state. Vaughn Mach. Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799; Cummer Lumber Co. v. Associated Manufacturers' Mut. Fire Ins. Corp., 67 App. Div. 151, 73 N. Y. Supp. 668; Waller v. Rothfield, 36 Misc. Rep. 177, 73 N. Y. Supp. 141. Judgment reversed and new trial ordered, with costs to the appellant to abide the event. All concur.

In re ALLEN. (Supreme Court, Appellate Division, Fourth Department. October 7, 1902.) In the matter of Ellery G. Allen, as trustee, etc., of David W. Sheldon, deceased. No opinion. Decree of surrogate's court affirmed, without costs.

ALLEN, Respondent, v. KELLY, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Action by John S. Allen against Frank X. Kelly, etc. No opinion. Order affirmed, with $10 costs and disbursements.

ANDERSON v. ANDERSON. (Supreme Court, Appellate Division, First Department. October 17, 1902.) Action by Anna O. Anderson against Frithiof Anderson. No opinion. Motion granted, with $10 costs.

ANDERSON, Respondent, v. LANE et al., Appellants. (Supreme Court, Appellate Term. May, 1902.) Action by Herbert A. Anderson against Jonas H. Lane and others. From an affirmance by the general term of the city court of the city of New York of a judgment rendered at the trial term thereof in favor of the plaintiff, defendants appeal. Affirmed. Bard & Calkins, for appellants. Morris Cukor, for respondent.

PER CURIAM. This is an appeal from a judgment of the general term of the city court, affirming a judgment of the trial term entered upon the verdict of a jury in favor of the plaintiff. The action is brought to recover damages for breach of contract of employment. The evidence produced by plaintiff, which we must accept as true, shows that on or about the 7th of February, 1899, one of the defendants entered into an agreement with plaintiff, whereby he employed plaintiff for the balance of that year as cashier, at the rate of $1,100 per year. The defendants are copartners, and this agreement was for employment by the copartnership. Plaintiff entered upon the discharge of his duties under this agreement, and continued in such employment until June 1st, when he was discharged without sufficient cause. His salary was paid up to June 15th. After his discharge, he tried to secure other employment, and he succeeded in doing so, and the difference between what he would have earned, had he continued with defendants, and what he was able to earn during the balance of that period, was $367.99, which is the sum in which he has been damaged by reason of his wrongful discharge. The jury gave him a verdict for that sum, with interest. No exception was taken to any portion of the charge, and the only questions of law presented are those raised by exceptions to the admission or exclusion of testimony. None of these is of sufficient weight to call for a reversal of the judgment. Judgment affirmed, with costs.

ANDREWS et al., Appellants, v. BROOKLYN UNION EL. R. CO. et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 3, 1902.) Action by William W. Andrews, Frank Andrews, and Frederick C. Andrews, individually and as executors, etc., and Angeline Andrews and Isabella M. Andrews, against the Brooklyn Union Elevated Railroad Company and the Brooklyn Heights Railroad Company. No opinion. Order affirmed, with $10 costs and disbursements.

AVERY, Appellant, v. JOHNSON, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 14, 1902.) Action by Fred T. Avery against Edward O. Johnson, as executor, etc. No opinion. Judgment and order affirmed, with costs.

BADGLEY, Appellant, v. SWEENEY, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 14, 1902.) Action by George Badgley against James Sweeney. No opinion. Judgment and order affirmed, with costs.

In re BAKER. (Supreme Court, Appellate Division, Third Department. September 9, 1902.) In the matter of the final judicial settlement of the accounts, etc., of Frances Baker, as administratrix of the goods, chattels, etc., of Elizabeth Wilber, deceased. No opinion. Motion granted, so far as to modify order by writing in the word "unanimously" before "affirmed," in the third line of the order, and in all other respects denied.

BAMBERGER, Respondent, v. SONDHEIM, Appellant. (Supreme Court, Appellate Division, Second Department. October 3, 1902.) Action by Ira Leo Bamberger against Mabel Sondheim. No opinion. Order affirmed on argument, with $10 costs and disbursements.